PRENTICE and another vs. MADDEN and others.

FRAUDULENT CONVEYANCE — PLEADING. — A bill filed to reach the prop-
erty of a debtor which had been conveyed pending a suit against him
and before judgment obtained, cannot be sustained unless it states facts
showing that such conveyance was fraudulent as against creditors;
and a general averment of fraud being a mere conclusion of law, is
insufficient.

(4 Chand., 170.)

APPEAL from the Circuit Court for *Iowa* County.

The complainants, *Lewis Prentice* and *Catharine Prentice*, his
wife (formerly Catharine Vàughan), filed their bill against
*Madden, Moore, De Seelhorst* and others, stating in substance,
that in the year 1837 a copartnership was entered into by the
defendants for the ostensible object of purchasing a site for
building a town on the Mississippi, in Wisconsin, called the
Louisiana Company, and they appointed *Madden* one of the
appellees, agent, to purchase, hold and convey real estate as
trustee of the company, who are the defendants and appellees;
that the defendant *Madden*, as agent of the company, purchased
from one Vaughan, since deceased, several tracts of land on
the Mississippi, which lands were conveyed to *Madden*, as
trustee of the company, by Peyton Vaughan and one of the
complainants, then the wife of Vaughan; that *Madden*, as the
trustee of the defendants, had agreed to pay for said lands six
thousand dollars, for which he gave notes payable at various
periods of time; all of which notes were negotiated or paid by
Vaughan during his lifetime, except one for the payment of
one thousand dollars and interest thereon, which was due and
unpaid at the death of Vaughan, and who died in January,
1841, having made a will bequeathing to his then wife, and now
one of the complainants, all his personal property, and amongst
other things the promissory note before mentioned; that at
the death of Vaughan, he was indebted to *Moore*, one of the
defendants, in the sum of $168.75; that being the executrix,
etc., of Vaughan, and holding the unpaid note before mentioned,

*Madden* assumed to pay to *Moore* the sum before mentioned, due to Vaughan, leaving a balance due upon the before mentioned note of $891.25, due and unpaid, which note last aforesaid was given up to *Madden*, and *Madden* gave to the executrix his promissory note, to be paid by him, for the sum of $891.25, as trustee of the Louisiana Company ; that in 1841, the will of Vaughan was proved, and letters testamentary issued to the complainant ; that on the falling due of the note, it was not paid by *Madden* or the company ; that afterwards, suit was brought for the recovery of the sum due on said note against *Madden* as trustee, and judgment was had thereon, execution issued and returned, setting forth that nothing could be collected of *Madden ;* that after the marriage between complainants, a transcript of the judgment was filed in the district court, and an execution issued, and by the direction of complainants, was levied upon the lands of the defendants, which had been sold by Vaughan to them, or to *Madden*, as their trustee ; but upon search by the sheriff, the lands sold to the company by Vaughan were found to have been sold by the company to purchasers ; that *Madden*, trustee, to hinder and defeat the collection of the demand aforesaid, just previously to the obtaining judgment against him, confessed a judgment as trustee of the company to one *De Seelhorst*, being one of the defendants in the bill of complaint, and one of the company, for the sum of $1,110, to effect a prior lien on said lands; that shortly after the confession of the judgment aforesaid, *De Seelhorst* sued out execution on his judgment, and caused the company's lands to be sold at auction, to wit : all the interest of *Madden* therein, and embracing the lands sold to the company, and held in trust by *Madden* for the company, and embracing the lands sold and deeded by Vaughan to the company, and *De Seelhorst* became the purchaser upon the sale at the sum of $1,226 ; that by means of the confession of judgment aforesaid, the complainants have been hindered from the collection of the said debt ; that there is no property held by *Madden* as trustee of the

other defendants ; that the judgment given to *De Seelhorst*, and the sale made under it, was fraudulent, and in wrong of the complainants' rights in the premises.

The defendants demurred to the bill and the court sustained the demurrer, and the complainants appealed.

*Eaton & Cothren*, for appellants.

*Dunn, Jones & Crawford*, for appellees.

*Per Curiam.*—The decree in this cause must be affirmed. The judgment against *Madden* was an individual judgment, and as such, bound only his individual property. It however held his interest in the trust property. But the bill does not charge *Madden* with any fraud in confessing judgment, but only a design to hinder and delay his creditors. The final averment of fraud is only a conclusion of law.